**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY MICHAEL SPARROW,<br><br>Defendant. | **Case No. 8:23-cr-00016-DOC**<br><br>Hon. David O. Carter<br>United States District Judge<br><br>Current Surrender Date: June 1, 2026 |

**DEFENDANT'S MOTION FOR RELEASE ON BAIL PENDING APPEAL PURSUANT TO 18 U.S.C. § 3143(b) AND FEDERAL RULE OF APPELLATE PROCEDURE 9(b)**

**I. INTRODUCTION**

This motion is brought as an alternative to Defendant's contemporaneously filed Motion for Judicial Recommendation of Initial Home Confinement Designation to the Bureau of Prisons, in the Alternative for Extension of Self-Surrender Date, and for Supplemental Judicial Recommendations to the Bureau of Prisons (the "Companion Motion"). The Companion Motion does not contest the underlying judgment and seeks relief calibrating the timing and modality of execution. The present motion is filed for the contingency in which the Court declines the relief requested in the Companion Motion. If the Court grants any relief under the Companion Motion that obviates the need for surrender on June 1, 2026, the present motion is moot. The Court should reach the substantial-question analysis required by 18 U.S.C. § 3143(b) only if the Court declines the relief sought in the Companion Motion.

Subject to the foregoing, Defendant Jeffrey Michael Sparrow respectfully moves for release on bail pending appeal pursuant to 18 U.S.C. § 3143(b) and Federal Rule of Appellate Procedure 9(b). Mr. Sparrow filed a timely notice of appeal from the judgment entered on March

1

23, 2026. Dkt 124. The appeal is pending before the Ninth Circuit as No. 26-2026. Mr. Sparrow remains on release, has complied with every condition imposed by this Court for the more than thirty-nine months since his arraignment on February 13, 2023, and is not likely to flee or pose a danger to the safety of any other person or the community.

The two statutory elements of 18 U.S.C. § 3143(b)(1) are satisfied. First, clear and convincing evidence establishes that Mr. Sparrow is not a flight risk and poses no danger. 18 U.S.C. § 3143(b)(1)(A). Second, the appeal is not brought for delay and raises substantial questions of law and fact within the meaning of United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985). 18 U.S.C. § 3143(b)(1)(B). The substantial questions presented are: (i) whether Mr. Sparrow's guilty plea was knowing and voluntary, an issue expressly preserved by the plea agreement's appeal-waiver carve-out; (ii) whether the plea was supported by an adequate factual basis as to Mr. Sparrow's individual intent and knowing participation, Fed. R. Crim. P. 11(b)(3); and (iii) whether the government's pre-plea disclosure obligations were satisfied as to materials bearing on Mr. Sparrow's role, knowledge, and individual culpability. Each of those questions is at minimum fairly debatable. If resolved in Mr. Sparrow's favor, each would likely result in vacatur of the plea, reversal of the conviction, or remand for further proceedings within the meaning of 18 U.S.C. § 3143(b)(1)(B)(i) and (ii).

## II. JURISDICTION AND GOVERNING STANDARD

This Court has authority to decide a motion for release pending appeal in the first instance. Fed. R. App. P. 9(b). Under 18 U.S.C. § 3143(b)(1), a defendant who has been sentenced to imprisonment shall be detained unless the Court finds: (A) by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community; and (B) that the appeal is not for the purpose of delay and raises a substantial

2

question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The Ninth Circuit construes a "substantial question" as a question that is "fairly debatable" or "fairly doubtful," not one that the defendant is certain or even likely to win. United States v. Handy, 761 F.2d 1279, 1281-83 (9th Cir. 1985); United States v. Wheeler, 795 F.2d 839, 840 (9th Cir. 1986). The Court's task at this stage is not to prejudge the appeal, but to determine whether the issue is one of substance and, if decided in the defendant's favor, likely to change the outcome in one of the ways the statute recognizes. Handy, 761 F.2d at 1283.

Wire fraud under 18 U.S.C. § 1343 is not an offense that triggers the mandatory-detention provisions of 18 U.S.C. § 3143(b)(2). This motion is therefore governed by § 3143(b)(1).

## III. FACTUAL AND PROCEDURAL BACKGROUND

### A. The plea, the sentence, and the appeal

On January 21, 2025, Mr. Sparrow entered a plea of guilty to Count Ten of the indictment, charging wire fraud in violation of 18 U.S.C. § 1343, pursuant to a written plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). The parties stipulated to a total offense level of 22, including a 20-level loss enhancement under U.S.S.G. § 2B1.1(b)(1)(K), a 2-level zero-point offender reduction under U.S.S.G. § 4C1.1, and a 3-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

On March 23, 2026, this Court imposed a below-Guidelines sentence of 30 months of imprisonment followed by three years of supervised release. Dkt 126. The advisory range

3

reflected in the Presentence Investigation Report was 41 to 51 months. The Court ordered restitution in the amount of $11,828,879, jointly and severally with co-defendant Jason Allen Greig. Id. The remaining counts were dismissed on the government's motion.

Mr. Sparrow filed a timely notice of appeal on April 2, 2026. Dkt 124. The Ninth Circuit assigned the appeal No. 26-2026. The current voluntary surrender date is noon on June 1, 2026.

**B. The plea agreement's appeal-waiver carve-out preserves the involuntariness claim**

The written plea agreement contains both a conviction-appeal waiver and a sentence-appeal waiver. The conviction-appeal waiver expressly excepts from its scope a claim that the guilty plea was involuntary. The sentence-appeal waiver applies to sentencing-related challenges where the imposed term is within or below the range corresponding to offense level 22 and the criminal-history category calculated by the Court, and where restitution does not exceed $17,828,879.

That waiver structure narrows the appeal. It does not eliminate it. The principal appellate issue is the one the plea agreement itself preserved: whether the plea was knowing and voluntary. That issue includes the enforceability of the waiver, because an involuntary plea cannot sustain an appeal waiver. It also includes the adequacy of the factual basis and the effect of materially exculpatory information that may not have been adequately disclosed, investigated, or communicated before the plea was entered. If the plea is vacated, the waiver falls with it.

**C. Compliance record and personal characteristics**

Mr. Sparrow has been on release continuously since his arraignment on February 13, 2023. Dkt 7. In more than thirty-nine months of pretrial and post-conviction release, he has complied with every condition imposed by this Court. He has appeared for every proceeding, committed no new offense, violated no release condition, and given United States Pretrial

4

Services no cause for concern. He is a first-time offender in Criminal History Category I with no prior criminal convictions of any kind. He resides at 1929 Fairhaven Lane, Murfreesboro, Tennessee 37128, with his wife and two minor daughters; a third child is due August 6, 2026. He has no history of violence, no weapon possession, and his passport is surrendered. Mr. Sparrow's compliance record and personal circumstances are described in detail in the contemporaneously filed Declaration of Jeffrey Michael Sparrow. Jeff Decl. ¶¶ 2, 13-15.

The Court already determined at sentencing, when it permitted voluntary surrender, that Mr. Sparrow is sufficiently reliable to remain at liberty pending execution of sentence. Nothing in the intervening period suggests any change in those facts.

## IV. ARGUMENT

### A. Clear and convincing evidence establishes that Mr. Sparrow is not likely to flee and does not pose a danger

The first statutory requirement is satisfied. 18 U.S.C. § 3143(b)(1)(A). The following facts, individually and collectively, satisfy the clear-and-convincing standard:

**Complete compliance.** Mr. Sparrow has remained on release continuously since February 13, 2023, without incident. He has not missed a court appearance, has not absconded, and has not violated any release condition.

**Stable family residence.** Mr. Sparrow lives with his wife and two minor children at a fixed owner-occupied residence in Murfreesboro, Tennessee. The family includes a third child expected on August 6, 2026. Those ties materially reduce any flight risk.

**No criminal history.** Mr. Sparrow is in Criminal History Category I with no prior criminal convictions.

**Nonviolent offense.** The conviction is for a single count of wire fraud. There is no allegation of violent conduct, weapon possession, threat, obstruction by force, or danger to the public.

**Acceptance of responsibility and engagement with the process.** Mr. Sparrow accepted responsibility, entered into a binding plea agreement, traveled from Tennessee to California for sentencing, and has engaged constructively with the Court and with Pretrial Services throughout the case.

**Existing judicial assessment.** The Court already permitted voluntary surrender rather than ordering immediate remand, which reflected an existing judicial determination that Mr. Sparrow is neither a flight risk nor a danger. Nothing has changed since sentencing that disturbs that finding.

If the Court is inclined to grant release pending appeal, any release order may continue the existing conditions, supplemented by location monitoring, travel restrictions, periodic reporting requirements, or any other condition the Court deems appropriate. On this record, the evidence clearly and convincingly satisfies 18 U.S.C. § 3143(b)(1)(A).

## B. The appeal is not brought for delay

Mr. Sparrow filed his notice of appeal on April 2, 2026, promptly after entry of judgment. Dkt 124. The appeal is tied to specific, identified legal issues arising from the plea, the record before the Court at the plea, and the materials available to defense counsel before the plea was entered. It is not a generalized effort to postpone surrender.

The structure of the plea agreement reinforces that point. Because the conviction-appeal waiver permits only a claim that the plea was involuntary, and because the sentence-appeal waiver narrows sentencing challenges, the appeal cannot be a vehicle to relitigate the case in its

entirety. It is, by the structure of the agreement, directed to the specific class of issues that survive the waiver or that vitiate it. That is the opposite of delay for delay's sake.

## C. The appeal raises substantial questions under Ninth Circuit law

The contemplated appeal raises three substantial questions, each of which is at minimum fairly debatable under Handy and Wheeler.

## 1. Whether the guilty plea was knowing and voluntary

A guilty plea is valid only if it is knowing, intelligent, and voluntary. Fed. R. Crim. P. 11(b)(2); Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Lee v. United States, 582 U.S. 357, 364-68 (2017). In the plea context, prejudice turns on the defendant's decisionmaking and whether there is a reasonable probability that, but for materially incomplete information or deficient advice, the defendant would not have pleaded guilty. Hill, 474 U.S. at 59; Lee, 582 U.S. at 367-69.

Mr. Sparrow's appeal raises a substantial question whether his plea met that standard. The appellate record will include documentary materials that arguably bear on his individual knowledge, intent, and culpability, and on whether the picture available to him at the time of the plea was materially complete. Those materials include, among others: communications indicating that certain invoice amounts at issue may have been dictated by personnel at the alleged victim entity rather than independently fabricated by Mr. Sparrow; documents indicating that key operative agreements were created or signed by co-defendant Greig rather than by Mr. Sparrow; records indicating that funds were directed to accounts over which Mr. Sparrow had no signatory authority; statements by a representative of the alleged victim differentiating Mr. Sparrow's role from the co-defendant's; and evidence of a prior federal investigation of the co-defendant for a similar fabrication-related modus operandi.

Whether those materials were adequately investigated, understood, and conveyed before the plea is at minimum fairly debatable. Handy, 761 F.2d at 1283. So too is whether their availability would have affected a rational defendant's decision to plead guilty. Lee, 582 U.S. at 367. Mr. Sparrow is not required at this stage to prove that the plea will be vacated; he must show only that the question is substantial. He has done so.

## 2. Whether the plea was supported by an adequate factual basis under Federal Rule of Criminal Procedure 11(b)(3)

Before entering judgment on a guilty plea, the Court must determine that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(3). That requirement is particularly significant where a defendant later identifies materials that arguably undercut his individual participation in the specific theory of guilt to which he pleaded.

The contemplated appeal raises the question whether the record established an adequate factual basis as to Mr. Sparrow's own intent to defraud and his knowing participation in materially false representations, as distinct from his association with a broader transaction or his reliance on representations made by the co-defendant or by others. The written plea agreement contains a stipulated factual basis, and Mr. Sparrow does not dispute that. The question is whether the stipulated factual basis remains adequate in light of materials that arguably qualify it. That question is fairly debatable. If decided in Mr. Sparrow's favor, the likely consequence is vacatur of the plea and remand.

## 3. Whether the government's pre-plea disclosure obligations were satisfied

The appeal also raises a substantial question concerning the scope and effect of the government's pre-plea disclosure obligations. Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); United States v. Ruiz, 536 U.S. 622 (2002). The Ninth

8

Circuit has long recognized that the relationship between Brady and guilty pleas can present substantial issues. Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995). Subsequent decisions emphasize that the materiality inquiry is collective rather than item-by-item. Kyles v. Whitley, 514 U.S. 419, 436-38 (1995); United States v. Kohring, 637 F.3d 895, 902-03 (9th Cir. 2011).

Ruiz held that the Constitution does not require disclosure of impeachment information before a plea. 536 U.S. at 629-33. Ruiz did not hold, however, that material exculpatory information bearing directly on the factual basis of guilt or the voluntariness of the plea is irrelevant. The appellate theory here is narrower than the broadest possible Brady claim. It does not contend that every undisclosed item before a plea invalidates the plea. It contends that particular documents and statements bearing on Mr. Sparrow's individual role, knowledge, and the factual basis for his guilt may not have been adequately disclosed, investigated, or surfaced before the plea was entered. The application of Ruiz to those facts is fairly debatable. If the Ninth Circuit agrees, the likely remedy is vacatur of the plea or remand for further proceedings concerning its validity.

**4. The appeal-waiver does not defeat substantiality; it sharpens it**

In many bail-pending-appeal motions, the appeal-waiver is the government's threshold answer. Here, the conviction-appeal waiver expressly preserves a claim that the plea was involuntary. The appeal is anchored in that preserved category. If the Ninth Circuit determines that the plea was not knowing and voluntary, the waiver falls with it. The waiver is not an obstacle to substantiality; it is part of the substantial question. Whether the preserved involuntariness issue succeeds is debatable, and that is enough under Handy. 761 F.2d at 1283.

**D. The substantial questions, if resolved in Mr. Sparrow's favor, are likely to result in remedies covered by 18 U.S.C. § 3143(b)(1)(B)**

The "likely to result in" element of § 3143(b)(1)(B) is satisfied. If Mr. Sparrow prevails on his challenge to the voluntariness of the plea, the likely consequence is vacatur of the plea and conviction. If he prevails on the Rule 11(b)(3) factual-basis issue, the likely consequence is the same. If he prevails on the pre-plea disclosure issue, the likely consequence is at minimum remand for further proceedings concerning the validity of the plea. Each of those remedies falls within 18 U.S.C. § 3143(b)(1)(B)(i) (reversal) and § 3143(b)(1)(B)(ii) (order for a new trial). Mr. Sparrow need not show that every issue would necessarily produce an outright acquittal; he must show only that the issue, if decided in his favor, would likely result in a remedy of the kind the statute recognizes. He has done so.

**E. The pending amendment to U.S.S.G. § 2B1.1 provides additional support under § 3143(b)(1)(B)(iv)**

The April 16, 2026 amendment to U.S.S.G. § 2B1.1, effective November 1, 2026, recalibrates the loss table applicable to economic offenses by applying Consumer Price Index adjustments to the monetary thresholds. United States Sentencing Comm'n, Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, Amendment 2 (Inflationary Adjustments to Monetary Tables) (Apr. 16, 2026) (effective Nov. 1, 2026). The amendment lowers the advisory range applicable to the loss figure in this case from 41-51 months to 33-41 months. The amendment is not retroactive as currently published.

The relevance to the present motion is narrow but real. If the appeal succeeds on any ground that vacates the plea or remands for further proceedings, the operative Guidelines range at any resulting re-sentencing will be the range in effect as of the date of re-sentencing. If re-

10

sentencing occurs on or after November 1, 2026, the recalibrated 33-41 month range will apply under the standard rule that the Court applies the Guidelines in effect on the date of sentencing. That bears on the § 3143(b)(1)(B)(iv) prong because the time Mr. Sparrow would otherwise serve while the appeal is pending may exceed any sentence that could lawfully be imposed at a recalibrated re-sentencing. At a minimum, the amendment confirms that the issues raised on appeal are not academic, and that the calibration question § 3143(b)(1)(B)(iv) directs the Court to assess is a live one.

### F. Loss-methodology, insurance-recovery, and offset issues are preserved

Mr. Sparrow also preserves, for purposes of the pending Ninth Circuit appeal and any future proceedings in this case, sentencing-related questions concerning the methodology used to calculate loss and restitution, the treatment of insurance recovery received by the alleged victim, and the valuation of offsets. Ninth Circuit authority requires individualized determination of the loss attributable to the defendant and a reasoned, record-supported methodology rather than reliance on aggregate or unsupported figures. United States v. Treadwell, 593 F.3d 990, 1002-05 (9th Cir. 2010); United States v. Hermanek, 289 F.3d 1076, 1104-06 (9th Cir. 2002).

The record reflects that the alleged victim received a $6,000,000 recovery from Euler Hermes North America Insurance Company pursuant to a claim settlement dated December 13, 2024. The treatment of that recovery, including its effect on the offset calculation under 18 U.S.C. § 3664 and its bearing on the materiality of pre-plea disclosure addressed in Section IV.C.3, is among the matters preserved for the appeal. Materials relating to the Euler Hermes recovery, and to the broader question of offsets and valuation, are part of the record from which the Ninth Circuit will assess the substantial questions identified above.

Mr. Sparrow does not rest the present motion on these sentencing-related issues, and does not overstate them. They are flagged here so that nothing in this filing is read as a waiver of those issues, which remain available on appeal and, in the event of vacatur or remand, at any resulting re-sentencing.

## V. PROPOSED CONDITIONS OF RELEASE

If the Court grants release pending appeal, Mr. Sparrow respectfully proposes that all existing conditions of release remain in force, together with any additional conditions the Court deems appropriate. Proposed conditions include continued residence at 1929 Fairhaven Lane, Murfreesboro, Tennessee 37128; continued reporting to United States Pretrial Services as directed by the supervising officer; restriction of travel to the Middle District of Tennessee except for court appearances, meetings with counsel, or travel otherwise approved in advance by the supervising officer; surrender of any passport not already surrendered and no application for any travel document; location monitoring or electronic monitoring as recommended by Pretrial Services; and any further condition this Court determines is necessary to assure appearance and community safety.

## VI. CONCLUSION

For the foregoing reasons, and subject to the contingent-alternative framing set out in Section I, Mr. Sparrow respectfully requests that this Court grant this motion, order his release pending appeal under 18 U.S.C. § 3143(b), continue or modify the existing conditions of release as appropriate, and vacate the June 1, 2026 voluntary surrender date pending disposition of the appeal. Counsel conferred with the Government, and the Government opposes.

Dated: May 20,  2026                    Respectfully submitted,

/s/ Barry D. Silbermann

BARRY D. SILBERMANN, BSIE, JD
California State Bar No. 69402
LAW OFFICE OF BARRY D. SILBERMANN
3896 Carpenter Avenue
Studio City, California 91604
Telephone: (310) 702-6699
Email: bdspc@aol.com
Attorney for Defendant
JEFFREY MICHAEL SPARROW