UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **Case No. 23-cr-00016-DOC** |
| | ) | |
| JEFFREY MICHAEL SPARROW | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT JEFFREY MICHAEL SPARROW'S MOTION TO UNSEAL CODEFENDANT JASON ALLEN GREIG'S SENTENCING TRANSCRIPT, OR IN THE ALTERNATIVE FOR IN CAMERA REVIEW AND LIMITED DISCLOSURE**

Defendant Jeffrey Michael Sparrow, through undersigned counsel, respectfully moves the Court for an order unsealing the sentencing transcript of codefendant Jason Allen Greig, or, in the alternative, conducting in camera review and permitting limited disclosure to defense counsel. The requested transcript is necessary to evaluate and present Sparrow's appellate issues, including whether the sentencing record reflects statements bearing on Sparrow's relative culpability, the timing of his plea, sentencing disparity, and whether the sentence imposed on Sparrow rested on an impermissible rationale.

This motion is made on the basis that the transcript is a judicial record to which the Court retains supervisory authority under the common law, and that Sparrow has a particularized and concrete need for access. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978); *United States v. Schlette*, 842 F.2d 1574 (9th Cir. 1988); *United States v. Sleugh*, 896 F.3d 1007 (9th Cir. 2018). Sparrow does not seek access for public dissemination. He seeks the transcript solely

to litigate his own direct appeal and to determine whether the sentencing record contains statements material to the issues he intends to raise.

## I.   BACKGROUND

Sparrow and Greig were co-defendants in this case. The Court has already sentenced Sparrow, and Sparrow is pursuing direct review. Sparrow understands that Greig's sentencing transcript remains sealed. Defense counsel has reason to believe that the transcript may contain statements by the Court relevant to Sparrow's appellate issues, including:

1. whether the Court compared Sparrow's culpability to Greig's in a way material to sentencing disparity;

2. whether the Court expressed concern about Sparrow's failure to plead guilty earlier;

3. whether the Court's reasoning suggests Sparrow was punished for exercising his right to maintain his position until later in the case; and

4. whether the Court made factual or legal statements bearing on Sparrow's individualized sentence under 18 U.S.C. § 3553(a).

Because Sparrow was not present for Greig's sentencing and does not have access to the sealed transcript, he cannot know whether it contains statements directly relevant to his appeal. The transcript may confirm, clarify, or refute the concerns presently identified in the appellate record. Without access, Sparrow is forced to litigate his appeal blind to a record that may be material to the propriety of the sentence imposed in his own case.

## II.   LEGAL STANDARD

The common law recognizes a general right to inspect and copy judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Although that right is not absolute, a court

considering whether to maintain sealing must balance the interests favoring confidentiality against the public and litigant interests favoring access. *Id*. at 598-99.

The Ninth Circuit likewise recognizes that access to judicial records turns on the nature of the material and the need asserted for disclosure. In *United States v. Schlette*, 842 F.2d 1574 (9th Cir. 1988), the Court explained that confidentiality is not talismanic; when a sufficient showing supports disclosure, the district court must evaluate whether access is warranted. See id. at 1583. More recently, in *United States v. Sleugh*, 896 F.3d 1007 (9th Cir. 2018), the Ninth Circuit held that while Rule 17(c) subpoena materials do not carry a First Amendment or common-law presumption of access, parties may obtain sealed materials by demonstrating a "special need." Id. at 1014-16.

Although this motion concerns a sentencing transcript rather than Rule 17(c) materials, the governing principle is the same: a sealed judicial record may be disclosed when the requesting party makes a specific, case-linked showing of need that outweighs the reasons for continued secrecy. Sparrow has made that showing here.

III.   ARGUMENT

A.  **Sparrow has a particularized need for the transcript because it may contain statements directly relevant to his appeal.**

This is not a request for general public access. It is a targeted request by a criminal defendant seeking a transcript from a closely related proceeding in the same case to determine whether the sentencing record contains statements material to his own appeal.

Sparrow's appellate issues include whether the sentence imposed was based on an individualized application of the sentencing factors, whether the Court relied on any impermissible consideration, and whether the sentence created an unwarranted disparity as compared to Greig's role and sentence. Statements at Greig's sentencing may be directly relevant

to those issues. In particular, the transcript may reveal whether the Court made remarks concerning Sparrow's decision not to plead guilty earlier; the relative roles of Sparrow and Greig; the reason the Court imposed the same sentence on Sparrow as on a codefendant alleged to have played a more significant role; and whether the Court used sentencing to punish Sparrow for litigation decisions rather than offense conduct.

If the sentencing transcript confirms such statements, it may support Sparrow's argument that the sentencing process was infected by an impermissible rationale or failed to reflect individualized consideration under 18 U.S.C. § 3553(a). If the transcript does not contain such statements, access will at least permit counsel to assess the issue accurately and avoid unnecessary speculation. Either way, access is necessary to meaningful appellate review.

### B. Continued sealing would prevent Sparrow from evaluating and presenting his own due process and sentencing-disparity claims.

A criminal sentence must be imposed based on legitimate sentencing factors and an individualized assessment of the defendant before the court. The sentencing record is therefore central to appellate review. If the Court made statements at Greig's sentencing that bear on Sparrow's claims, those statements are not collateral. They go directly to the legitimacy of the sentence imposed in Sparrow's case.

That point is especially important here because Sparrow has reason to believe the Court may have viewed his conduct through the lens of plea timing rather than solely through the offense conduct and the statutory sentencing factors. The requested transcript may be the only way to verify whether that concern is supported by the sentencing record.

The Court need not determine the merits of Sparrow's appellate arguments at this stage. It need only determine whether Sparrow has shown a concrete need for access. He has. The

transcript is not sought for curiosity, publicity, or collateral purposes. It is sought because it may bear directly on issues already preserved for appeal.

### C. The requested relief is narrow and can be tailored to protect any legitimate confidentiality interest.

Sparrow does not ask the Court to disregard confidentiality interests. To the contrary, he asks for relief narrowly tailored to the need presented. The Court could:

1. unseal the transcript in full;

2. unseal the transcript subject to a restricted-access order limiting it to the parties and counsel;

3. conduct an in camera review and disclose only those portions relevant to Sparrow's sentencing issues; or

4. order a redacted version that protects any genuinely sensitive information while permitting appellate review.

This approach accords with the Court's discretion under *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978) and the Ninth Circuit's recognition that sealed materials may be disclosed where a specific need is shown. *United States v. Schlette*, 842 F.2d 1574 (9th Cir. 1988); *United States v. Sleugh*, 896 F.3d 1007 (9th Cir. 2018).

### IV.   CONCLUSION

For the foregoing reasons, Sparrow respectfully requests that the Court unseal Jason Allen Greig's sentencing transcript. In the alternative, Sparrow requests that the Court conduct in camera review and disclose those portions of the transcript that bear on Sparrow's sentencing and appellate issues, subject to any protective limitations the Court deems appropriate.

**Respectfully submitted,**

Dated: May 28, 2026

**/s/ Barry D. Silbermann**
BARRY D. SILBERMANN
California Bar No. 69402
Law Office of Barry D. Silbermann
3896 Carpenter Avenue
Studio City, California 91604
Telephone: (310) 702-6699
Email: bdspc@aol.com
Counsel for Defendant Jeffrey Michael Sparrow

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system. All participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

**/s/ Barry D. Silbermann**
BARRY D. SILBERMANN
Counsel for Defendant Jeffrey Michael Sparrow