TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
Assistant United States Attorney
First Assistant United States Attorney
JENNIFER L. WAIER
Assistant United States Attorney
Chief Assistant United States Attorney
California Bar Number:  209813
        312 N. Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-4270
        E-mail:    Jennifer.Waier@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>                  v.<br><br>JEFFREY MICHAEL SPARROW,<br><br>            Defendant. | Case No. SA CR 23-16-DOC<br><br>ORDER DENYING DEFENDANT'S MOTION FOR BAIL PENDING APPEAL [DKTS. 143, 147] |

The Court has read and considered the defendant's motion for bail pending appeal (Dkt. 143), his supplemental filing (Dkt. 147), and the government's opposition.

Under 18 U.S.C. § 3143(b), a defendant must be detained pending appeal unless he demonstrates that the appeal raises a substantial question of law or fact and that a favorable decision on that question is likely to result in reversal, a new trial, a sentence without imprisonment, or a reduced sentence shorter than the expected duration of the appeal.  Defendant bears the burden of

satisfying this requirement.  United States v. Montoya, 908 F.2d 450, 451 (9th Cir. 1990).

Defendant contends that his appeal will raise substantial questions because (1) his guilty plea was involuntary, (2) the loss calculation used at sentencing was incorrect, and (3) his sentence was unreasonable.  As explained below, each of these claims is foreclosed by the record and by the terms of Defendant's Plea Agreement, and none presents a substantial question under § 3143(b).

Despite defendant's efforts to evade his conviction-appeal waiver (Plea Agreement ¶20), the Court finds that defendant's guilty plea was knowing and voluntary.  During the Rule 11 colloquy, defendant confirmed under oath that he understood the terms of his Plea Agreement, that he was pleading guilty voluntarily, that he committed the charged offense, understood the penalties and appellate waivers, and admitted that he caused more than $17 million in loss. This Court accepted the guilty plea, finding it knowingly and voluntarily made, and nothing in defendant's filings undermines that finding.

The Court further finds that defendant's sentencing challenges are barred by the clear and unambiguous terms of his appellate-sentencing waiver.  In his Plea Agreement, defendant expressly waived the right to appeal the sentencing procedures, Guidelines calculations, and term of imprisonment so long as the Court imposed a sentence of 51 months or less.  (Plea Agreement ¶21.)  The Court imposed a 30-month sentence.  Thus, the appellate waiver is fully enforceable and forecloses defendant's sentencing claims.

Accordingly, defendant has not shown that his appeal raises a substantial question of law or fact as required by § 3143(b) and cannot satisfy the statutory requirements for release pending appeal.

IT IS HEREBY ORDERED that defendant's motion for bail pending appeal is DENIED.  Defendant shall remain in custody and continue serving the sentence imposed in this case.

IT IS SO OREDERED.

July 17, 2026
DATE

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

3